UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS GARCIA-DE GOUVIEA, A-215-978-531,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-03790-DC-EFB

FINDINGS AND RECOMMENDATIONS

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter was referred to the undersigned pursuant to Local Rule 302(c)(17). For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A. Factual Background**

In his amended petition for writ of habeas corpus, petitioner alleges that he is a citizen and national of Venezuela who is currently detained by respondents pending immigration removal proceedings. ECF No. 19 at 1 (incorporating arguments raised in Reply); ECF No. 11 at 2-3. He alleges that he entered the United States in September 2021, was briefly detained by the Department of Homeland Security, and was subsequently released on his own recognizance. ECF No. 11 at 2.

On March 24, 2026, petitioner was arrested in Florida for violation of Florida Statutes 827.071(5a) and 847.0135(2). ECF No. 11 at 2. At his first appearance, he was granted supervised release by the Lee County Circuit Court and, on March 27, 2026, he was arrested by Immigration and Customs Enforcement (ICE). *Id.* He remains currently detained, without a bond hearing. *Id.*

In their response to the amended petition, respondents do not contest any of petitioner's factual allegations. ECF No. 20.

**B. Procedural Background**

Petitioner initiated this action in propria persona on May 18, 2026. ECF No. 1. On May 22, 2026, the undersigned ordered counsel appointed for petitioner. ECF No. 4. Respondents filed an answer to the petition, on May 29, 2026. ECF No. 5. On June 26, 2026, petitioner, through counsel, timely filed a reply to the answer. ECF No. 11; *see* ECF No. 10. The same day, petitioner moved for discovery, ECF No. 12, which the undersigned granted, on July 6, 2026. ECF No. 13.

On July 22, 2026, the parties filed a joint status report stating that respondents had provided the requested discovery to petitioner. ECF No. 17. On August 11, 2026, petitioner filed an amended petition for writ of habeas corpus, ECF No. 19, and respondents filed a response on August 18, 2026. ECF No. 20.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner alleges that his ongoing detention without a bond hearing violates the Immigration and Nationality Act (INA) and his rights to due process under the Fifth Amendment. ECF No. 19 at 1-2; ECF No. 11 at 3-9.

In their response, respondents argue that petitioner's present detention is lawful under 8 U.S.C. § 1225(b)(2)(A), although acknowledge the contrary authority, *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026). ECF No. 20.

The undersigned finds petitioner has demonstrated his entitlement to relief on both of his claims and recommends the writ be granted.

**1. Violation of the Immigration and Nationality Act**

Petitioner first alleges that his present detention is in violation of the INA because he is not lawfully subject to the detention provisions codified at 8 U.S.C. § 1225(b)(2)(A). The undersigned finds that petitioner has demonstrated his entitlement to habeas corpus relief on this claim.

Sections 1225 and 1226 of the INA, 8 U.S.C. §§ 1225, 1226, govern the detention of inadmissible noncitizens who have been placed in removal proceedings, but for whom a final order of removal has not issue. Under § 1226(a), during the pendency of removal proceedings, the Government has discretion to release the noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(2)(A)-(B). Specifically, a DHS officer makes an initial custody determination and may release the noncitizen upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). The noncitizen may seek review of this custody decision by an Immigration Judge. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Section 1225 of the INA, in contrast, provides for mandatory detention of certain noncitizens and, in some cases, expedited removal. 8 U.S.C. § 1225; *Jennings*, 583 U.S. at 303.

Here, petitioner alleges that respondents have detained him pursuant to 8 U.S.C. § 1225(b)(2)(A), which is unlawful because § 1226(a) properly applies to him. ECF No. 19 at 1-2; ECF No. 11 at 3-5. Respondents argue that petitioner is an "applicant for admission," within the meaning of § 1225(b)(2)(A), subjecting him to the mandatory detention provision of that section. ECF No. 20. Respondents' position is unpersuasive. In *Rodriguez Vazquez*, the Court of Appeals held that persons, like petitioner, who are apprehended in the interior of the United States are

subject to the discretionary detention scheme codified at 8 U.S.C. § 1226(a), not the mandatory detention scheme set forth in § 1225(b)(2). *Rodriguez Vazquez*, 183 F.4th 1160. As respondents acknowledge, this holding squarely forecloses respondents' argument that dismissal of petitioner's claim for relief is warranted as a matter of law. *See* ECF No. 20. The undersigned therefore recommends that the writ be granted on the basis that petitioner's current detention violates the INA.

**2. Violation of Right to Due Process**

Petitioner has also demonstrated that his ongoing detention without a bond hearing violates his rights to due process under the Fifth Amendment, and he is entitled to habeas corpus relief on this basis, as well. ECF No. 19 at 1-2; ECF No. 11 at 5-9.

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law. Noncitizens subject to mandatory detention are not without due process rights. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1091-93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under § 1225(b)(1)). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest. *Id*. Here, at the first step, it is unquestionable that petitioner has a liberty interest that is cognizable under the due process clause. *See*, *e.g*., *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

////

Having found that petitioner possesses a cognizable liberty interest, the court turns to the second step of the analysis, to determine whether detention violates a petitioner's Fifth Amendment procedural due process rights and the amount of process a petitioner is due. In making this determination, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Here, petitioner has shown that he has a substantial interest in his freedom from detention, relative to the first factor. Since petitioner's entry to the United States many years ago, he necessarily has developed "enduring attachments of normal life," including family connections, legally indistinguishable from those experienced by a criminal parolee. *See* ECF No. 19 at 1-2; ECF No. 11 at 6-7; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe*, 787 F. Supp. 3d at 1094; *Tinoco,* 818 F. Supp. 3d at 1152.

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community or to national security. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Tinoco,* 818 F. Supp. 3d at 1152; *Labrador-Prato*, 815 F. Supp. 3d at 1121; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at

*5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Tinoco,* 818 F. Supp. 3d at 1152-52; *Labrador-Prato*, 815 F. Supp. 3d at 1122 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government."). "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." *Ortega*, 415 F. Supp. 3d at 970; *see also Tinoco*, 818 F. Supp. 3d at 1153 (quoting same).

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized determination of risk, at a bond hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention without a bond hearing in accordance with 8 U.S.C. § 1226(a) violates his rights under the due process clause of the Fifth Amendment, entitling him to habeas corpus relief.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's amended petition for writ of habeas corpus (ECF No. 19) be GRANTED as follows:
    a. Respondents be ORDERED to provide Petitioner Jesus Garcia-De Gouviea (A-215-978-531), within seven (7) days, a bond hearing before an Immigration Judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and
    b. If Respondents fails to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody;
2) The Clerk of Court be directed to serve the District Court's order on the California

City Immigration Processing Center; and

3) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE